## Smedley v. Trumbauer.

*Landlord and tenant — Representations of the condition of property — Premises unfit for habitation—Failure of lessee to inspect premises—Affidavit of defence—Surrender of lease.*

1. In a suit for rent of a dwelling-house, the affidavit of defence averred that plaintiff expressly represented that the property was in good order and repair, and defendant signed the lease, relying on this representation, and that defendant did not know that the house and garage were uninhabitable, but it did not state why defendant failed to inspect the premises. The affidavit also averred that the range had been taken down or had fallen down and was unfit for use, but did not aver that it could not be put in place and made available; also that the heating apparatus was inadequate and unfit for use, but did not state how much it would cost to put it in condition; also that portions of the plumbing and the lighting fixtures had been removed and would have to be replaced, but did not describe them; that there had been a fire in the garage and portions of the ceiling and woodwork had been torn down and certain heating apparatus had been removed, but the affidavit did not state the expense of installing new apparatus: *Held*, the lessee's eyes were her bargain, representations of the condition of the property, as distinguished from a warranty, could not affect the terms of the lease and the affidavit was insufficient.

2. Where the lease reserved to the lessor the right to sell the premises during the term, lessor's efforts to sell will not constitute an acceptance of surrender.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., Dec. T., 1920, No. 7724.

*F. T. Pusey*, for plaintiff; *J. P. Connelly*, for defendant.

MARTIN, P. J., July 25, 1921.—Suit was instituted to recover rent for a dwelling-house owned by plaintiff and leased by her to defendant. The lease is for the term of one year from Sept. 1, 1919, at the rental of $3500, payable in instalments of $300 monthly.

The lessee covenanted to keep the premises in good order and repair during the term. The lessor reserved the right to erect "a for sale sign" upon the premises; and it was stipulated that the lessee should show the property during the continuance of the lease, and deliver possession at any time after June 1, 1920, upon receiving sixty days' notice that it had been sold.

Attached to the statement of claim is a copy of the lease. Defendant refused to occupy the property or pay the rent.

The affidavit of defence admits the execution of the lease and abandonment of the property, but it alleges that plaintiff made no effort to obtain another tenant, and that defendant, at the time she signed the lease, owing to representations and statements made to her by the plaintiff as to the condition of the property, "did not know that neither the house nor the garage were habitable nor suitable for occupancy;" that the plaintiff expressly represented to the defendant that the property was in good order and repair and habitable and suitable for occupancy, and relying on these representations, and as the inducing cause for defendant entering into the said lease, the defendant, on Aug. 25, 1919, signed the lease. The affidavit is signed by the husband of defendant, who states that he is informed, believes, and on such information avers, "that, before the execution of said lease, defendant stated to the plaintiff that it was necessary for her to have a house for immediate occupancy, and that the said house should be in good order and condition, habitable and suitable for occupancy, and the defendant, relying on the promises of the plaintiff and as the inducing cause for the execution of the lease, entered into the lease as aforesaid. After defendant had entered into said lease and relying on the express promises and inducements of the plaintiff as to the con-

dition of the house, defendant found, on examination, that it would require three months or more to make the necessary repairs to the said house in order to make the same suitable for occupancy; that, notwithstanding the representations made to her by the plaintiff that the house was in good order and condition and suitable for occupancy, the range had been taken down, or had fallen down, and was lying on the kitchen floor in a dangerous condition and unfit for use; that the heating apparatus was out of repair, unfit for use, and inadequate to heat the house and would require a large sum of money to put the same in proper condition; the plumbing throughout the entire house was in need of repair, and certain portions of the plumbing had been removed from the building and would have to be replaced in order to make the house suitable for occupancy and habitable, and of this the plaintiff had full knowledge and notice at the time she made the representations or statements to the defendant that the house was in good order and repair; that some of the lighting fixtures had been removed and the house could not be properly lighted, and the wiring was dangling from the outlets and was in a dangerous and unsafe condition, of which condition the plaintiff had full notice and knowledge, and had at the time that she stated to the defendant that the house was in good order and condition. Deponent avers that as soon as his wife, Sara T. W. Trumbauer, the defendant herein, found the condition in which the house was, she returned the lease which she had signed to the said plaintiff, owing to the unfit condition of the house and the representations and statements of the plaintiff as to the condition of the house, and which were the inducing and contributing cause of the defendant's entering into the aforesaid lease. Deponent is further informed, believes, and on such information avers, that there had been a fire in the garage and the woodwork and the ceiling and some other portions of the same had been torn down and were lying on the floor, of which the plaintiff, at the time she made the representations to the defendant and which was the inducing cause for the defendant entering into said lease, had full knowledge and notice; certain heating apparatus had been removed from the building, and there was no way of heating the premises unless a new and expensive system was installed, of which the plaintiff had full notice and knowledge; that the house could not be heated, was not tenantable and was not suitable for the purposes of the defendant, and it was only relying on the statements and representations of the plaintiff as to the condition of the house, its use and occupancy and its habitable condition, that the defendant, as aforesaid, signed the said lease, and the deponent believes and avers that defendant will be able to prove, on the trial of this case, all of the specific averments of fact as hereinbefore set forth as to the condition in which the house was, and that the defendant aforesaid signed the lease by reason of the representations, and avers that fraud was practiced on her in procuring her signature to the said lease, in view of the conditions pertaining to the said house. Deponent is informed, believes, and on such information avers, that the plaintiff specifically stated to the defendant that the house was in first-class order and condition, was habitable and suitable for occupancy by the defendant; but deponent avers that the improvements necessary to put the house in a tenantable condition were of a permanent kind and character and would require the expenditure of a very large sum of money. Deponent avers further that, relying upon the representations and statements made to defendant by the plaintiff at and before the execution of the written contract upon which suit is now brought, and the inducing cause of its execution by the defendant, defendant duly signed the said lease without having made an examination of the said prop-

Smedley *v.* Trumbauer.

erty, and deponent avers, believes, and expects to be able to prove on the trial of this case, that a fraud has been practiced on defendant in procuring her signature to the said lease, in view of the representations and statements made by the plaintiff, which statements and representations were false and untrue."

Efforts by the lessor to sell the property did not constitute an acceptance of surrender. The right to sell was reserved in the lease.

Defendant fails to state what the "representations and statements made to her by the plaintiff as to the condition of the property" were, and does not state why there was no inspection of the premises by her. Although three months or more is stated in the affidavit as the period required to make "the necessary repairs," defendant fails to state of what those repairs consist, or the price for which they could be furnished. Although the range is said to have fallen down and to be in a dangerous condition and unfit for use itself, it is not alleged that it could not be put in place and made available; nor is it stated in what respect the heating apparatus is out of repair, unfit for use and inadequate to heat the house, and there is no statement of the amount of money required to put it in condition. There is no description of the plumbing needed, nor of what portions have been removed from the building, and nothing to indicate the lighting fixtures that had been removed. It is not alleged that the woodwork of the ceiling of the garage that was damaged by fire has not been repaired, or that the heating apparatus had been removed, and no statement of the expense of installing a new system, and there is no averment as to when the alleged misrepresentations were made.

The defendant covenanted to keep the premises in good repair. The lessee's eyes were her bargain. Representations of the condition of the property, as distinguished from a warranty, cannot affect the terms of the lease. The affidavit of defence sets forth conclusions rather than facts upon which the presumption of fraud is averred. If defendant has a substantial defence, an opportunity should be afforded to present it in legal form.

And now, to wit, July 25, 1921, leave is granted to file an amended affidavit of defence within fifteen days.